UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

RODNEY PERRY,                          )
                                       )
              Petitioner,              )
    vs.                                )    1:12-cv-938-TWP-MJD
                                       )
MICHAEL ZENK, Superintendent,          )
                                       )
              Respondent.              )

**Entry Discussing Petition for a Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Rodney Perry for a writ of habeas corpus must be **denied** and the action dismissed without prejudice. In addition, the court finds that the certificate of appealability should not issue.

I.

Perry's request to proceed *in forma pauperis* [Dkt. 2] is **granted**.

Perry's custodian, as shown in the caption of this Entry, is the sole respondent and the docket shall be amended accordingly.

II.

ABefore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies.@ *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)(citing 28 U.S.C. ' 2254(b)(1)). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(d). The exhaustion requirement is that a state prisoner, before filing a

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

habeas petition, has presented the highest state court available with a fair opportunity to rule on the merits of each claim he seeks to raise in this case. 28 U.S.C. ' 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

### III.

Perry's habeas petition is subject to the preliminary review required by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts.*

Perry is a state prisoner who challenges the calculation of credit time in relation to his 2009 convictions in Allen County. His habeas claims are pending in the trial court in his action for post-conviction relief filed in November 2011. Until that process is complete—including a direct appeal and any discretionary appeal to the Indiana Supreme Court—the habeas challenge is premature.

"The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 10 (1992). As presented at this point, therefore, Perry's petition for writ of habeas corpus does not permit the court to consider the merits of his claims. Therefore dismissal of the action without prejudice shall now issue.

Judgment consistent with this Entry shall now issue.

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

IV.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Perry has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling."@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/31/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rodney J. Perry
No. 890411
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**